# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARREN L. CEPHAS,                : | |
|     Plaintiff,                          : | |
|                                                 : | |
| v.                                              : | CIVIL ACTION NO. 25-CV-1177 |
|                                                 : | |
| GEORGE W. HILL CORRECTIONAL  : | |
| FACILITY, *et al.*,                       : | |
|     Defendants.                       : | |

## MEMORANDUM

**HENRY, J.**                                                                                     **OCTOBER 30, 2025**

*Pro se* Plaintiff Darren L. Cephas brings claims pursuant to 42 U.S.C. § 1983 against prison officials at the George W. Hill Correctional Facility in Delaware County, where he was recently incarcerated as a pretrial detainee. Cephas alleges constitutional violations in connection with his exposure to K2 smoke and the prison's response to his complaints about the smoke. Cephas was previously granted leave to proceed *in forma pauperis*. Upon screening under 28 U.S.C. § 1915(e)(2), the Court dismissed his original Complaint asserted against the prison and its security and administration departments only and permitted him to file an amended complaint. (*See* ECF No. 7.) Cephas returned with the pending Amended Complaint. For the following reasons, the Court will dismiss Cephas's Amended Complaint. Cephas may file a second amended complaint if he believes he can cure the defects the Court notes in his claims.

## I.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

In his initial Complaint, Cephas named only the George W. Hill Correctional Facility and

---

[1] The facts are taken from Cephas's Amended Complaint, which consists of two handwritten pages. (ECF No. 12.) Court adopts the pagination supplied by the CM/ECF docketing system.

its security and administration departments and asserted Fourteenth Amendment conditions-of-confinement claims based on his exposure to K2 smoke and First Amendment retaliation claims based on prison staff telling other inmates about Cephas's grievances about the smoke. (*See* ECF No. 2.) The Court dismissed the Complaint, concluding that because neither a jail nor its departments are "persons" under § 1983, Cephas failed to name a proper Defendant. (ECF No. 7.)

Cephas returned with an Amended Complaint, naming the following Defendants: the George W. Hill Correctional Facility, L.T. Jones, John Doe 1, and John Doe 2. (Am. Compl. at 2.) The facts in Cephas's Amended Complaint are brief.[2] He alleges that prison officials "did nothing" to stop inmates from smoking K2, which contains as ingredients fentanyl and bug spray, and that he has been exposed to the secondhand K2 smoke during his "whole stay at the prison." (*Id*. at 2-3.) The "heavy, thick smoke" caused Cephas to experience nausea "several times." (*Id*. at 3.) Cephas states that officers showed "deliberate indifference" because they ignored the presence of the thick K2 smoke. (*Id*. at 3.) Jones allegedly did not discipline inmates caught smoking or possessing K2. (*Id*. at 2-3.) Cephas states that after he filed a grievance about the smoke, he was told that "grievances mess money up" and was threatened. (*Id*. at 3.) He states that his life was in danger because he filed grievances and because he was

---

[2] Cephas may not have appreciated that his Amended Complaint superseded the original Complaint. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (holding that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings").

"locked in a jail cell" with "nothing but smoke coming from the vents." (*Id.*) Based on these allegations, Cephas requests thirty million dollars. (*Id.*)

## II.   STANDARD OF REVIEW

As Cephas is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in Cephas's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Cephas is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

The Court understands Cephas to again assert Fourteenth Amendment conditions-of-confinement claims based on his exposure to K2 smoke and First Amendment retaliation claims

based on his receipt of a threat after filing a grievance about the smoke.³ Cephas's constitutional claims are asserted pursuant to § 1983, the statute enabling a plaintiff to raise claims for violations of the federal constitution. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

To state a Fourteenth Amendment violation based on exposure to smoke, a detainee must allege that prison officials, "with deliberate indifference, exposed him to levels of [smoke] that pose an unreasonable risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *see also Moore v. Durand*, No. 22-2915, 2023 WL 4884855, at *1 (3d Cir. Aug. 1, 2023), *cert. denied*, 144 S. Ct. 2535 (2024). There are two types of claims based on exposure to smoke: (1) a prospective claim, i.e., that the exposure "unreasonably endangers [the plaintiff's] future health"; or (2) a claim based on a "pre-existing illness." *Moore*, 2023 WL 4884855, at *1. The Court understands Cephas to assert a prospective claim because he does not allege any pre-existing illness. To allege a prospective claim, "an inmate must show (1) exposure to 'unreasonably high' levels of [smoke] contrary to contemporary standards of decency; and (2) deliberate indifference by the authorities to the exposure." *Id*. (quoting *Helling*, 509 U.S. at 35-36). Deliberate indifference is a subjective standard. *Beers-Capitol v. Whetzel*,

---

³ Because Cephas was a pretrial detainee when the underlying incidents occurred, the Fourteenth Amendment, and not the Eighth Amendment, governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

4

256 F.3d 120, 125 (3d Cir. 2001). A plaintiff must allege that the prison officials "knew or were aware of and disregarded an excessive risk to [his] health or safety." *Id*. at 135.

Cephas fails to assert a plausible Fourteenth Amendment claim against any Defendant.[4] Regarding the first prong of the claim, Cephas alleges that he was exposed to "heavy [and] thick" K2 smoke during his "whole stay" at the George W. Hill Correctional Facility, which caused him to experience nausea "several times." (Am. Compl. at 2.) Initially, the Court notes that Cephas was transferred to a different correctional facility and is no longer in the custody of the George W. Hill Correctional Facility. *See Moore*, 2023 WL 4884855, at *2 ("Plainly relevant [to assessing a claim of future harm of exposure to environmental smoke] is the fact that Moore is no longer in custody."). His transfer out of the George W. Hill Correctional Facility presumably eliminated his exposure to K2, thus undermining any claim that his future health is endangered. Moreover, Cephas's assertion that he was exposed to thick K2 smoke during his "whole stay" at the prison is too unspecific to support a reasonable inference that the smoke exposure was unreasonably high. *See id*. (allegation that the plaintiff was exposed to smoke on twelve different occasions over the course of three months was too vague to support claim); *see also Perez v. Kelly*, No. 24-10287, 2025 WL 2603451, at *2 (D.N.J. Sept. 9, 2025) (concluding that plaintiff's allegation of his exposure to smoke during "entire" 23-month incarceration was too vague to support a claim as the plaintiff failed to "provide any details as to the level, frequency, or duration of his exposures").

Regarding the second prong, Cephas merely alleges that corrections officers ignored the smoke and that Jones did not discipline inmates caught smoking or possessing K2. These

---

[4] To the extent that Cephas reasserts claims against the George W. Hill Correctional Facility, the claims are dismissed, as this Defendant has already been dismissed with prejudice from the case.

allegations do not support a plausible inference of deliberate indifference.  First, Cephas does not tie any specific allegations to John Doe 1 and John Doe 2 but instead refers to "officers" collectively, which is not sufficient to state a claim.  As noted above, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode*, 845 F.2d at 1207 (citations omitted); *Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that a plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff); *Doe v. LaColmb*, No. 24-1843, 2024 WL 4628367, at *3 (E.D. Pa. Oct. 30, 2024) (dismissing claim based on exposure to K2 smoke where the plaintiff failed to tie allegations to any named defendant).  While Cephas asserts some specific allegations against Defendant Jones—specifically that Jones knew about inmates' use of K2 but did not discipline them or otherwise stop it—the allegations do not plausibly infer that Jones was aware of but disregarded an excessive risk to Cephas's health.  *See Perez*, 2025 WL 2603451, at *3 (allegations that defendant "allow[ed] smoke in a smokeless facility" did not plausibly allege deliberate indifference).  Accordingly, the Court will dismiss Cephas's Fourteenth Amendment claim based on exposure to K2 smoke.

Cephas's allegations also do not support a plausible First Amendment retaliation claim.  To state a First Amendment retaliation claim, a prisoner must allege that:  (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action.  *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003).  A prisoner's filing of a grievance constitutes constitutionally protected conduct.  *Watson*

*v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016). The timing of the allegedly retaliatory behavior relative to the constitutionally protected conduct may establish a causal link between the two for purposes of establishing motivation. *Id*. Cephas alleges that after he submitted a grievance about the K2 smoke, he was threatened. Again, Cephas does not allege sufficient facts about the threat, including what it was about and when and by whom it was made. Nor does he tie this conduct to any of the named Defendants. Moreover, verbal threats alone generally do not rise to the level of adverse conduct sufficient to support a First Amendment retaliation claim. *See, e.g.*, *Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (*per curiam*) (stating that "the verbal threats and few gestures of racial harassment Dunbar allegedly encountered are not sufficiently adverse to support a retaliation claim under the circumstances of this case"); *Barney v. PA Dep't of Corr.*, No. 17-1779, 2021 WL 794562, at *7 (M.D. Pa. Mar. 2, 2021) (concluding that prison officials "threats upon [the prisoner's] well-being" in retaliation for the prisoner filing a grievance "is not sufficient to state a First Amendment retaliation claim"). Accordingly, the Court will also dismiss Cephas's First Amendment retaliation claims.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will dismiss Cephas's Amended Complaint. Cephas will be permitted to file a second amended complaint in the event he can plead additional facts to cure the defects the Court noted as to his claims. An appropriate Order follows, which offers additional guidance on amending to the extent Cephas wishes to do so.